UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-86-RJC

| | |
|---|---|
| DONALD EUGENE STILES, JR., )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>JAMES MARSH, Haywood County Sheriff's )<br>Department Detective, )<br>BOBBY SUTTLES, )<br>Haywood County Sheriff, )<br>)<br>**Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

**I.    BACKGROUND**

Pro se Plaintiff Donald Eugene Stiles filed this pro se action pursuant to 42 U.S.C. § 1983 on March 22, 2013, naming as Defendants James Marsh, identified as Haywood County Sheriff's Department Detective, and Bobby Suttles, identified as the Haywood County Sheriff. When he filed this action, Plaintiff was incarcerated at the Haywood County Detention Center in Waynesville, North Carolina. On June 11, 2013, this Court received notification from the detention center that Plaintiff is no longer at that address.[1] See (Doc. No. 12).

Plaintiff alleges in the Complaint that "Detective James Marsh came to Mr. Stiles' house and got out of his truck and gave me a search warrant that was blan[k] and was not filled out and he said he was going in. The one he gave me was blan[k] and the one he gave to the clerk was

---

[1] The Court takes judicial notice that the North Carolina Department of Public Safety web site indicates that on May 21, 2013, Plaintiff was convicted of a first-degree sexual offense with a child. Plaintiff was sentenced to 19 years and 9 months in prison.

filled out but it [sic] and right to me for the one he gav[e] me." (Doc. No. 1 at 3).

As to Defendant Sheriff Scuttles, Plaintiff alleges that Sheriff Scuttles "sent his detective to investigate a first-degree sexual offense at 24 Bull Dr. Waynesville and he [knew] what was going on." (Id. at 2). As to Defendant Marsh, Plaintiff alleges that Marsh trespassed on Plaintiff's land and "touch[ed] what is on the inventory list with a[n] illegal search warrant." (Id. at 3). Plaintiff states that he is bringing the following two claims against Defendants: (1) breaking and entering Plaintiff's house and (2) trespassing. (Id.). As for his stated injuries, Plaintiff asserts that he "got put in jail with a[n] illegal search and I lost my job with my friend and I lost my house." (Id.). For relief, Plaintiff states that "if it stays out of court or trial I will take $750,000 if not I will take it all the way to trial." (Id. at 5).

The Court first considers Plaintiff's application to proceed in forma pauperis. Plaintiff's inmate trust account shows that as of May 20, 2013, the balance in his account was $0.00. (Doc. No. 10 at 1). The Court is satisfied that Plaintiff does not have sufficient funds with which to pay the filing fee. Therefore, Plaintiff's motion to proceed in forma pauperis is granted.

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

2

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**

It is evident from the face of the Complaint that Plaintiff's claims in this action arise out of the arrest that led to his conviction for a first-degree sexual offense with a child. Plaintiff is essentially alleging that his Fourth Amendment rights were violated when officers came to his residence with a search warrant.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, Plaintiff has not alleged in his Complaint that his underlying conviction has been reversed or otherwise invalidated. Therefore, the Court will dismiss Plaintiff's Complaint as barred by the principles announced in Heck.

## IV. CONCLUSION

Having conducted a preliminary review of the Complaint in accordance with 28 U.S.C. § 1915A, the Court will dismiss the Complaint without prejudice pursuant to Heck v. Humphrey.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis is **GRANTED**; and

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED without prejudice**.

3. The Clerk is directed to terminate the case.

Signed: July 8, 2013

Robert J. Conrad, Jr.
United States District Judge